UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DYNAMIC SYSTEMS, INC.,
                                    Plaintiff,

        -against-

SKANSKA USA BUILDING INC., WEST-FAIR
ELECTRIC CONTRACTORS, INC., SENTRALE
CONSTRUCTION CORP., and A-Z FIRE ALARM
SECURITY, INC.,
                            Defendants.
_____
SKANSKA USA BUILDING INC.,
                            Counterclaimant,

        -against-

WESTCHESTER COUNTY HEALTH CARE
CORPORATION,
                    Third-Party Defendant.
_____
WESTCHESTER COUNTY HEALTH CARE
CORPORATION,
                Third-Party Counterclaimant,

        -against-

SKANSKA USA BUILDING INC.,
            Third-Party Counter Defendant.
_____
WESTCHESTER COUNTY HEALTH CARE
CORPORATION,
                        Fourth-Party Plaintiff,
        -against-

PERKINS EASTMAN ARCHITECTS, D.P.C.,
                    Fourth-Party Defendant.
_____
PERKINS EASTMAN ARCHITECTS, D.P.C.,
                        Fifth-Party Plaintiff,
        -against-

JOHN SMOLEN & ASSOCIATES LLC, JOHN
SMOLEN, BARD, RAO & AHANAS
CONSULTING ENGINEERS, P.C. *a/k/a BR+A
ENGINEERS*, and MAZZETTI, INC.*, a/ka
MAZZETTI+GBA*,
                    Fifth-Party Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___12/21/2021___

No. 19 Civ. 10237 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Dynamic Systems, Inc. ("Dynamic"), a subcontractor for the public works project to build the Ambulatory Care Pavilion of the Westchester Medical Center in Valhalla, New York (the "Project"), commenced this diversity action against Defendant Skanska USA Building, Inc. ("Skanska"), the general contractor for the Project, alleging claims for breach of contract, *quantum* merit, and foreclosure of a public improvement lien. Presently pending before the Court is a motion from another subcontractor, West-Fair Electric Contractors, Inc. ("West-Fair"), wherein it seeks to intervene as a necessary party defendant and cross-claimant under Federal Rule of Civil Procedure 24 and New York Lien Law. ("Motion", ECF No. 74.) For the following reasons, the Court DENIES West-Fair's motion as MOOT.

## BACKGROUND

On March 2016, Skanska entered into a written contract (the "Contract") with the Westchester County Health Care Corporation ("WCHCC") in which Skanska agreed to provide all labor and materials needed to accomplish the construction of the Project. (*See* Carlucci Aff., Ex. B. ("West-Fair Proposed Intervening Answer") ¶¶ 39–40, ECF No. 73-3.) In furtherance of the Contract, Skanska entered into separate subcontracts for various subdivisions of the work with several entities, including Dynamic, West-Fair, Sentrale Construction Corporation ("Sentrale"), and Conn-Fab Sales ("Conn-Fab"), each of whom filed notices under mechanic's lien law for account of public improvement in connection with their work at the Project. (*Id.* at ¶ 46, Ex. A; Meller Aff., Exs. A–C, ECF Nos. 76-1, 76-2, 76-3.)

On November 4, 2019, Dynamic commenced the instant action alleging that Skanska has refused to pay the balance due under the terms and conditions of their subcontract. (*See* Compl. ¶ 13, ECF No. 1.) Specifically, Dynamic alleges that Skanska amended the scope of work and price by multiple change orders that increased their subcontract's price from $17,843,200.00 to

$22,453,471.54. (*Id.* ¶¶ 9–10.) Dynamic seeks as relief, in part, to enforce its public improvement

lien against the alleged monies due—in total $4,228,174.24. (*Id.* at 6–7.) Since then, a number of

parties have been added through third-, fourth-, and fifth-party complaints. (*See* ECF Nos. 24–26,

30, 34, 41, 53–57, 60–62.) The parties have also filed their respective answers and asserted several

counterclaims and crossclaims against each other. (*Id.*)

On May 24, 2021, West-Fair filed the instant motion to intervene (ECF No. 73) and

Skanska its opposition ("Response in Opposition," ECF No. 77), and West-Fair its reply ("Reply,"

ECF No. 75). On December 14, 2021, Dynamic filed an amended complaint in which it added

West-Fair, Sentrale, and A-Z Fire Alarm Security, Inc. ("A-Z") as necessary defendants for a lien

foreclosure action under N.Y. Lien Law § 44. (Am. Compl., ECF No. 99.)

## LEGAL STANDARD

"Rule 24 of the Federal Rules of Civil Procedure contemplates two distinct species of

intervention: intervention of right under Rule 24(a), and permissive intervention under Rule

24(b)." *Giuffre v. Dershowitz*, No. 19 CIV. 3377 (LAP), 2021 WL 5233551, at *3 (S.D.N.Y. Nov.

10, 2021) (citations omitted).

To intervene as of right under Rule 24(a), a proposed intervenor must meet each of the

following four conditions: (1) the motion is timely; (2) the applicant asserts an interest relating to

the property or transaction that is the subject of the action; (3) the applicant is so situated that

without intervention, disposition of the action may, as a practical matter, impair or impede the

applicant's ability to protect its interest; and (4) the applicant's interest is not adequately

represented by other parties. *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.2d 377,

389 (2d Cir. 2006).

Alternatively, a court may permit intervention if the motion is timely and the proposed

intervenor "has a claim or defense that shares with the main action a common question of law or

3

fact." Fed. R. Civ. P. 24(b)(1)(B). Courts evaluating as-of-right or permissive motions consider the same factors. *See 335-7 LLC v. City of New York*, 524 F. Supp. 316, 326 (S.D.N.Y. 2021). However, the principal consideration for permissive intervention is whether intervention will cause undue delay or prejudice to the original parties. *Id.*

## DISCUSSION

By its motion, West-Fair seeks to intervene in this action as a defendant and cross-claimant against Skanska under Rule 24 through an intervention of right, or, alternatively, a permissive intervention. (*See* Mot. at 8–17.) In opposition, Skanska contends that West-Fair fails to meet its burden under Rule 24 as its proposed pleading is futile because it fails under N.Y. Lien Law § 44 to (1) name all lienors who filed liens notices against the public improvement at issue here and (2) name the owner of the public improvement here, WCHHC, as a necessary party. (*See* Resp. in Opp'n at 8–10.) After due consideration, the Court disagrees with Skanska.

As an initial matter, the Court agrees with West-Fair that Skanska's summary objection for failure to name WCHHC as a cross-defendant in its proposed pleading is inapposite because WCHHC is already before the Court as a third-party defendant, third-party counterclaimant, and fourth-party plaintiff. (Reply at 5.) Moreover, West-Fair claims that, upon information and belief, several co-sureties have provided lien discharge bonds here, WCHHC no longer a necessary party on the lien-based causes of action in this case. (*Id.*) Thus, the Court need only consider Skanska's objection on Wes-Fair's failure to name all other lienors.

Skanska is correct that "[a]lthough legal futility is not mentioned in Rule 24, courts have held that futility is a proper basis for denying a motion to intervene." *In re Merrill Lynch & Co., Inc. Research Reports Secs. Litig.*, Nos. 02-MDL-1484, 02-CV-8472, 2008 WL 2594819, at *5 (S.D.N.Y. June 26, 2008) (collecting cases); *see also N.Y. Life Ins. Co. v. Sahani*, 730 F. App'x 45, 50 (2d Cir. 2018) (finding that district court did not abuse its discretion in denying motion to

intervene on the grounds of futility, as the proposed intervenor 'asserted no viable claims.' (citation omitted)). "In determining whether the proposed intervention is futile, courts must view the application of the tendered pleadings—that is, whether those pleadings allege a legally sufficient claim or defense and not whether the applicant is likely to prevail on the merits." *Hill v. Cnty. of Montgomery*, No. 14-CV-93, 2018 WL 2417839, at *5 (N.D.N.Y. May 29, 2018) (citation and quotation marks omitted). Thus, "the Court employs the same standards as it would apply in considering a motion to dismiss for failure to state a valid claim." *Merrill Lynch & Co.*, 2008 WL 2594819, at *5.

Here, Skanska contends that West-Fair's proposed pleading asserting a claim to foreclose a mechanic's lien is futile because it fails to comply with N.Y. Lien Law § 44. Section 44 "lists certain persons who must be joined as parties in an action to foreclose a mechanic's lien." *D.M.I. Painting, Inc. v. Eastern long Island Hospital*, 25 N.Y.S. 2d 633, 634 (2d Dep't 1980). New York courts have held that the language in § 44 "leaves no room for doubt that all of the lienors in an action to foreclose a lien must ordinarily be joined." *Id.*; *Henry Quentzel Plumbing Supply Co., Inc. v. 60 Pineapple Residence Corp.*, 483 N.Y.S. 2d 927, 928 (Sup. Ct. 1984). That is because "[t]he Lien Law . . . expresses a strong policy  favor of having all controversies arising out of liens the same property resolved in the same action. *D.M.I. Painting*, 25 N.Y.S. 2d at 634–35; *Henry Quentzel Plumbing Supply*, 483 N.Y.S. 2d at 928. As such, courts could dismiss actions to foreclose a mechanic's lien for failure fail to join all lienors who are necessary parties defendant." *Henry Quentzel Plumbing Supply*, 483 N.Y.S. 2d at 928.

However, it is unclear whether such requirement would apply to West-Fair's proposed pleading here as an intervening party (*i.e.*, an answer asserting a crossclaim) when compared with a plaintiff filing a complaint, and Skanska provides no authority on the matter. Indeed, the parties

5

agree that § 44's requirement to join all lienors applies to Dynamic as it is the party who initiated this action. Had Dynamic complied, West-Fair would have been a party since the beginning of this action and there would have been no need for it to file a motion to intervene.

But the Court notes that Skanska concedes that West-Fair is a lienor under § 44 with an interest relating to the public improvement lien at issue here. Also, based on its briefing, Skanska does not contend that West-Fair fails to meet any of the Rule 24 factors for an intervention as of right, nor that its joinder would destroy the Court's diversity subject matter jurisdiction.[1] It follows then that Skanska in fact concedes that West-Fair could also meet the necessary joinder standard under Rule 19, which mirrors the Rule 24(a)'s as-of-right standard. *See MasterCard*, 471 F.3d at 390; *see also* Fed. R. Civ. P. 24 advisory committee's note ("Intervention of right here is here seen to be a kind of counterpart to Rule 19[.]"); 4 James Wm. Moore et al., *Moore's Federal Practice—Civil*, § 19.03(3)(f)(i) (3d ed. 2006) ("[C]ompulsory joinder under the 'impair or impede clause of Rule 19 serves the goal as the intervention of right under Rule 24. Indeed, the operative language of the two Rules is identical because the Rules were revised to emphasize their interrelationship in 1966.") Specifically, Rule 19(a)(1)(B)(i) provides that

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest

Thus, even if the Court were to place the burden of complying with § 44 on West-Fair, assume its proposed pleading is in fact futile, and deny the instant motion, the Court could still, on a Rule 19 motion or on its own, add West-Fair as a necessary party to this case. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

---

[1] West-Fair's joinder would not destroy diversity subject matter jurisdiction here because Dynamic is a Texas corporation and West-Fair is a New York corporation. (*See Carlucci* Aff. ¶¶ 12–15.)

Further, Dynamic could alternatively amend its complaint and add West-Fair as a defendant to comply with § 44—which in fact, is exactly what Dynamic did here on December 14, 2021. (ECF No. 99.) Therefore, the Court is of the view that Dynamic's amended complaint renders West-Fair's instant motion moot.

However, the Court notes that Dynamic's amended complaint fails to add another lienor whose liens notice against the public improvement at issue here Skanska provided as an exhibit in its response: Conn-Fab. (*See* Mueller Aff., Ex. A.) To the extent Skanska argues that the amended complaint must be dismissed, the Court "finds, in its discretion no benefit to any party to dismiss what work has already been done" in this case. *Henry Quentzel Plumbing Supply*, 483 N.Y.S. 2d at 928. That said, the Court will nonetheless order Dynamic to serve an amended complaint that includes Conn-Fab as a necessary party defendant for this action to proceed in accordance with § 44.

## CONCLUSION

Accordingly, West-Fair's motion to intervene is DENIED as MOOT. The Court further ORDERS Dynamic to file, on or before January 21, 2022, a second amended complaint that names Conn-Fab as an additional necessary party defendant in this case, or, alternatively, file a written report as to why Conn-Fab cannot be added as a necessary party to this case. The Clerk of Court is directed to terminate the motion at ECF No. 73.

Dated:  December 21, 2021
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge