UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
DYNAMIC SYSTEMS, INC.

                    Plaintiff,

  -against-

SKANSKA USA BUILDING INC., WEST-FAIR ELECTRIC CONTRACTORS, INC., SENTRALE CONSTRUCTION CORP., and A-Z FIRE ALARM SECURITY, INC.

                    Defendant.
------------------------------------------------------------------- x
SKANSKA USA BUILDING INC.,

Counterclaimant,

v.

DYNAMIC SYSTEMS, INC.,

Counter Defendant.
------------------------------------------------------------------- x
SKANSKA USA BUILDING INC.,

Third-Party Plaintiff,

v.

WESTCHESTER COUNTY HEALTH CARE CORPORATION,

Third-Party Defendant.
------------------------------------------------------------------- x
WESTCHESTER COUNTY HEALTH CARE CORPORATION,

Third-Party Counterclaimant,

v.

SKANSKA USA BUILDING, INC.,

Third-Party Counter Defendant.
------------------------------------------------------------------- x

C.A. No. 7:19-cv-10237-NSR-AEK

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

---------------------------------------------------------------------- x

WESTCHESTER COUNTY HEALTH CARE CORPORATION,

Fourth-Party Plaintiff

v.

PERKINS EASTMAN ARCHITECTS, DPC,

Fourth-Party Defendant.

---------------------------------------------------------------------- x

PERKINS EASTMAN ARCHITECTS, DPC,

Fifth-Party Plaintiff,

v.

JOHN SMOLEN & ASSOCIATES LLC, JOHN SMOLEN, BARD, RAO & AHANAS CONSULTING ENGINEERS P.C., a/k/a BR+A ENGINEERS, and MAZZETTI, INC., a/k/a MAZZETTI+GBA,

Fifth-Party Defendants.

---------------------------------------------------------------------- x

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.   Counsel for any party or non-party may designate any document or information, in whole or inpart, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL".

2.   The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.   In the event a party challenges another party or non-party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution,the challenging party may seek resolution by the Court. Nothing in this

Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Any other party to this lawsuit and their counsel, including in-house counsel;

    c. Employees of such counsel assigned to and necessary to assist in the litigation;

    d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

    f. Any non-party neutral (e.g. mediator) and the neutral's support staff who the parties engage for the purpose of assisting the parties with resolving or settling the case and/or any subset of claims or issues; and

    g. All of the parties' insurance claim representatives and supervisors, as necessary to resolve this litigation.

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. Parties added or joined to this litigation after entry of this Order shall be bound by this Order.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information ("Privileged Materials"), whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. If a party or non-party discovers that it inadvertently produced Privileged Materials, that party or non-party may demand return or destruction of all copies of the Privileged Materials by providing written notice of the demand to the parties to which the Privileged Materials were produced. The notice shall set forth the basis for the claimed privilege. Upon receipt of such notice, the receiving party or parties shall immediately return or destroy all copies of the Privileged Materials and confirm in writing to having done so. The producing party shall then promptly identify the returned document on a privilege log. Privileged Materials that have been transferred or received electronically, and that cannot thereby without undue burden be readily returned or destroyed, shall thereafter not be stored except in the ordinary course of business, and shall not be used, copied, or relied upon for any purpose. Nothing contained herein is intended to or shall be construed to prevent any party from moving to compel production (or seek any other remedy or relief) with respect to any Privileged Materials. Further, nothing contained herein is intended to or shall affect the applicable substantive law governing which party (or nonparty) bears the burden of proving privilege or immunity.

11. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that

the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

    13.    Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

Stipulated and agreed to as of February 18, 2022:

| **LEWIS & GREER, P.C.** | **PECKAR & ABRAMSON, P.C.** |
|---|---|
| By: /s/ J. Scott Greer<br>J. Scott Greer<br>510 Haight Avenue, P.O. Box 2990<br>Poughkeepsie, New York 12603<br>Telephone: (845) 454-1200<br>jsgreer@lewisgreer.com<br>*Attorneys for Dynamic Systems, Inc.* | By: /s/ Gerald J. Onorata<br>Bruce D. Meller<br>Gerard J. Onorata<br>Dorothy Koncur<br>1325 Avenue of the Americas, 10th Floor<br>New York, New York 10019<br>Telephone: (212) 382-0909<br>bmeller@pecklaw.com<br>gonorata@pecklaw.com<br>dconcur@pecklaw.com<br>*Attorneys for Skanska USA Building, Inc.* |
| **VENABLE LLP** | **WASSERMAN GRUBIN & ROGERS, LLP** |
| By: /s/ Gary L. Rubin<br>Gary L. Rubin<br>Matthew T. McLaughlin<br>Michael A. Guerra<br>1270 Avenue of the Americas, 24th Floor<br>New York, New York 10020<br>Telephone: (212) 307-5500<br>glrubin@venable.com<br>mtmclaughlin@venable.com<br>maguerra@venable.com<br><br>-and-<br><br>Andrew J. Donivan<br>227 West Monroe Street, Suite 1900<br>Chicago, Illinois 60606<br>Telephone: (312) 820-3400<br>ajdonivan@venable.com | By: /s/ Douglas J. Lutz<br>Michael T. Rogers<br>Douglas J. Lutz<br>1700 Broadway, 16th Floor<br>New York, New York 10019<br>Telephone: (212) 581-3320<br>MRogers@wgrlaw.com<br>DLutz@wgrlaw.com<br>*Attorneys for Perkins Eastman Architects, DPC* |

| | |
|---|---|
| **GOLDSTEIN LAW, P.C.** | **BYRNE & O'NEILL, LLP** |
| By: /s/ Jeffrey R. Beitler | By: /s/ Paul P. Novak |
| Steven R. Goldstein | Paul P. Novak |
| Jeffrey R. Beitler | Michael J. Byrne |
| Noreen Will | Kevin J. O'Neill |
| 1325 Franklin Avenue, Suite 320 | 11 Broadway, Rm. 910 |
| Garden City, New York 11530 | New York, New York 10004 |
| Telephone: (516) 417-5390 | Telephone: (212) 422-9424 |
| sgoldstein@goldsteinlawpc.com | pn@bonlaw.com |
| jbeitler@goldsteinlawpc.com | mjb@bonlaw.com |
| nwill@goldsteinlawpc.com | kjo@bonlaw.com |
| *Attorneys for John Smolen & Associates LLC and John Smolen* | *Attorneys for Bard, Rao & Athanas Consulting Engineers P.C., a/k/a BR +A Engineers; and Mazzetti, Inc., a/k/a Mazzetti+GBA* |

**WELBY, BRADY & GREENBLATT, LLP**

By: /s/ Anthony P. Carlucci
Anthony Patrick Carlucci , Jr
11 Martine Avenue
White Plains, NY 10606
Telephone: (914) 428-2100
ACarlucci@wbgllp.com
*Attorneys for West-Fair Electronic Contractors, Inc. and Sentrale Construction Corp.*

**SO ORDERED.**

Dated: February 18, 2022

_____
Honorable Andrew E. Krause
United States Magistrate Judge

## EXHIBIT A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Dynamic Systems, Inc. v. Skanska USA Building, Inc., et al.*, Case No. 7:19-cv-10237-NSR-AEK (S.D.N.Y.) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20\_\_\_

_____     _____
Name (printed)                                                     Signature

Signed in the presence of:

_____
(Attorney)