UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Dynamic Systems, Inc.,

                Plaintiff,                      **ORDER**

       -against-                       19 Civ. 10237 (NSR) (AEK)

Skanska USA Building, Inc.,

                Defendant.
-----------------------------------------------------------X
Skanska USA Building, Inc.,

                Third-Party Plaintiff,

       -against-

Westchester County Health Care Corporation,

                Third-Party Defendant.
-----------------------------------------------------------X
Westchester County Health Care Corporation,

                Fourth-Party Plaintiff,

       -against-

Perkins Eastman Architects, D.P.C.,

                Fourth-Party Defendant.
-----------------------------------------------------------X
Perkins Eastman Architects, D.P.C.,

                Fifth-Party Plaintiff,

       -against-

John Smolen & Associates, LLC, John Smolen,
Bard, Rao & Athanas Consulting Engineers, P.C.,
a/k/a BR+A Engineers, and Mazzetti, Inc., a/k/a
Mazzetti + GBA,

                Fifth-Party Defendants.
-----------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

Fourth-Party Defendant Perkins Eastman Architects, D.P.C. ("PEA") has filed a motion to compel non-party witness Todd Klair to answer certain questions posed to him by counsel for PEA during Klair's deposition.  ECF No. 236.  Fourth-Party Plaintiff Westchester County Health Care Corporation ("WCHCC") maintains that Klair need not answer the particular questions at issue because the common interest doctrine protects from disclosure communications that Klair had with WCHCC's counsel in preparation for his deposition.  ECF No. 245.

As the party invoking the common interest doctrine, WCHCC "bears the burden of demonstrating that the parties communicating: (1) have a common legal, rather than commercial, interest; and (2) the disclosures are made in the course of formulating a common legal strategy." *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 19-cv-9193 (PGG) (SLC), 2023 WL 315072, at *8 (S.D.N.Y. Jan. 19, 2023) (cleaned up).  Moreover, the party invoking the common interest doctrine "must make this showing based on competent evidence, usually through the admission of affidavits, deposition testimony or other admissible evidence." *Id.* (quotation marks omitted).  "The party cannot meet its burden by mere conclusory or *ipse dixit* assertions in its counsel's unsworn motion papers." *Id.* (quotation marks omitted).  Although WCHCC submitted a letter with attachments in opposition to PEA's letter motion, it has not provided the Court with any "competent evidence," *e.g.*, sworn statements or authenticated documents.  Accordingly, the Court directs WCHCC to file any such evidence **by no later than August 11, 2023**.

Dated: August 4, 2023
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge