UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Dynamic Systems, Inc.,

        Plaintiff,                                    **ORDER (PUBLIC VERSION)**

      -against-                                      19 Civ. 10237 (NSR) (AEK)

Skanska USA Building, Inc., West-Fair Electric
Contractors. Inc., Sentrale Construction Corp., and
A-Z Fire Alarm Security, Inc.,

        Defendants.
---------------------------------------------------------------X
Skanska USA Building, Inc.,

        Third-Party Plaintiff,

      -against-

Westchester County Health Care Corporation,

        Third-Party Defendant.
---------------------------------------------------------------X
Westchester County Health Care Corporation,

        Fourth-Party Plaintiff,

      -against-

Perkins Eastman Architects, D.P.C.,

        Fourth-Party Defendant.
---------------------------------------------------------------X
Perkins Eastman Architects, D.P.C.,

        Fifth-Party Plaintiff,

      -against-

John Smolen & Associates, LLC, John Smolen,
Bard, Rao & Athanas Consulting Engineers, P.C.,
a/k/a BR+A Engineers, and Mazzetti, Inc., a/k/a
Mazzetti + GBA,

        Fifth-Party Defendants.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

Fifth-Party Defendants John Smolen & Associates LLC (the "Smolen LLC") and John Smolen ("Smolen") have filed a motion to substitute pursuant to Rule 25(b) of the Federal Rules of Civil Procedure on the ground that "[John] Smolen's medical condition and prognosis render him incapable of meaningfully participating in his defense." ECF No. 278 at 3; *see* ECF Nos. 276, 279.

The motion seeks to have John Smolen's daughter, Elizabeth Doherty, in her capacity as a representative on behalf of Smolen, substituted as a Fifth-Party Defendant in place of Smolen. The motion also seeks to have Ms. Doherty, in her capacity as a representative on behalf of Smolen, substituted as a Fifth-Party Defendant in place of the Smolen LLC. For the reasons that follow, the motion is GRANTED IN PART AND DENIED IN PART.

## DISCUSSION

This action involves claims stemming from a project to construct a new ambulatory care pavilion and to expand the existing bed tower at Westchester Medical Center. *See, e.g.*, ECF No. 278 at 1. Smolen and the Smolen LLC initially were added as parties to the action in the Fifth-Party Complaint filed by Fourth-Party Plaintiff Perkins Eastman Architects, DPC ("PEA") on November 6, 2020. ECF No. 34. A Supplemental Fifth-Party Complaint was filed on December 15, 2022. ECF No. 202 ("Supp. Fifth-Party Compl."). PEA alleged that it entered into a contract with the Smolen LLC to provide structural engineering and consulting services on the project. Supp. Fifth-Party Compl. ¶ 63. Smolen was the owner of the Smolen LLC. ECF No. 208 (Answer to Supplemental Fifth-Party Amended Complaint) ¶ 4. PEA asserted five claims against Smolen and/or the Smolen LLC: (1) breach of contract against the Smolen LLC, (2) professional malpractice against the Smolen LLC and Smolen, (3) contractual indemnification

against the Smolen LLC, (4) common law indemnification against the Smolen LLC and Smolen, and (5) contribution against the Smolen LLC and Smolen.  Supp. Fifth-Party Compl. ¶¶ 62-85.

Smolen was scheduled to be deposed in this matter on May 4, 2023.  ECF No. 280 ("Rowsell Aff.") ¶ 3.  When Smolen's attorneys tried to contact him about the deposition, they found out that he was hospitalized.  *Id.*  Counsel thereafter learned from Smolen's treating physician that Smolen's medical condition prevented him from appearing for his deposition and from meaningfully participating in his defense of this action.  *Id.* ¶ 4 & Ex. B.

Rule 25(b) of the Federal Rules of Civil Procedure provides that "[i]f a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative."  Fed. R. Civ. P. 25(b).  Here, Smolen has been diagnosed with **[REDACTED]** and, according to his treating physician, **[REDACTED]**.  Rowsell Aff. Ex. B at 2.  Given Smolen's current inability to participate in the litigation as well as the progressive nature of his illness, the Court finds Smolen incompetent to proceed in this action.

In light of Smolen's medical condition, his adult daughters, Elizabeth Doherty and Linda Muir, have been given power of attorney for Smolen, pursuant to which they have the authority "to prosecute and defend legal actions."  *Id.* Ex. C (General Durable Power of Attorney of John Smolen, Jr.), § 3.17.  Consequently, the Court concludes that it is appropriate to substitute Elizabeth Doherty, in her capacity as a representative on behalf of Smolen, for Smolen as a Fifth-Party Defendant, and the portion of the motion seeking such relief is GRANTED.  *See Swanson v. Nimes*, No. 06-cv-0093, 2008 WL 5140997 (N.D. Ind. Dec. 5, 2008) (granting Rule 25(b) motion to substitute plaintiff's mother, who had been appointed plaintiff's conservator, as his representative in the action); *see also Andrews v. City of Cleveland*, No. 22-cv-00250, 2022 WL 1768687 (N.D. Ohio June 1, 2022) (after appointing defendant's daughter to be his guardian *ad litem*, granting Rule 25(b) motion to substitute the daughter as defendant in the action).

The application to substitute Ms. Doherty, in her capacity as a representative on behalf of Smolen, as a Fifth-Party Defendant in place of the Smolen LLC, however, is DENIED.  The Smolen LLC is a separate legal entity from Smolen the individual, even if Smolen is the sole owner/member of the Smolen LLC.  *S.E.C. v. Ryan*, 747 F. Supp. 2d 355, 361 (N.D.N.Y. 2010) ("Universally, both statutorily and through case precedents, limited liability companies, commonly known as LLCs, are formed as separate legal entities from the member(s).").  Section 3.09 of the General Durable Power of Attorney document gives Ms. Muir and Ms. Doherty the authority to "continue operating and managing any business in which [Smolen] now or later own[s] an interest for the period of time and in any manner" that Ms. Muir and Ms. Doherty consider appropriate.  Roswell Aff. Ex. C. § 3.09.  It would appear from this provision that Ms. Muir and/or Ms. Doherty have the responsibility to act on behalf of the Smolen LLC in place of Smolen, but the shift in control of the Smolen LLC from Smolen to his agents does not alter the status of the Smolen LLC entity as it pertains to this litigation.  In sum, while Smolen is incompetent to proceed in this action within the meaning of Rule 25(b) of the Federal Rules of Civil Procedure, the Smolen LLC remains competent to participate, because Ms. Muir and Ms. Doherty have the authority to act on behalf of the Smolen LLC by virtue of their power of attorney for Smolen.

## CONCLUSION

For the foregoing reasons, the motion to substitute, ECF Nos. 276, 279, is GRANTED IN PART AND DENIED IN PART.  The Clerk of Court is respectfully directed to terminate John Smolen as a Fifth-Party Defendant and to substitute Elizabeth Doherty, as representative on behalf of John Smolen, as a Fifth-Party Defendant.  The case caption is also hereby amended to reflect this change.

No change is to be made to the status of John Smolen & Associates LLC as a Fifth-Party Defendant at this time.

Dated: November 22, 2023
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

5